**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    CV 15-4434-PA (KK) | Date: June 18, 2015 |
| | Page 1 of 5 |

Title:    Lance Williams v. Eric Arnold

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

---

PRESENT:

**HONORABLE KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| Deb Taylor | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                                              None Present

**PROCEEDINGS: (IN CHAMBERS)**

On June 11, 2015,[1] Lance Williams ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, Petitioner does not specify the date on which he signed and mailed the Petition. (See Dkt. 1 at 15) (The Court refers to the pages of the Petition as if they were consecutively paginated.).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.     CV 15-4434-PA (KK)                    Date: June 18, 2015
                                                   Page 2 of 5

Title:       Lance Williams v. Eric Arnold

filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998). By creating the AEDPA limitations period, Congress intended to "'halt the unacceptable delay which ha[d] developed in the federal habeas process.'" Calderon v. United States District Court (Kelly III), 127 F.3d 782, 785 (9th Cir. 1997) (citation omitted), overruled in part on other grounds, Kelly V, 163 F.3d at 540.

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.      CV 15-4434-PA (KK)                             Date: June 18, 2015
                                                              Page 3 of 5

Title:        Lance Williams v. Eric Arnold

     As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." Id.

     In this case, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal on November 15, 2012. A search of the California Supreme Court's records indicates Petitioner did not file a Petition for Review with the California Supreme Court, seeking discretionary review of the California Court of Appeal's decision on direct appeal. Hence, Petitioner's conviction would have become final on December 24, 2012, forty days after the California Court of Appeal's decision. See Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008). Thus, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on December 25, 2012 and expired one year later, on **December 24, 2013.** The instant Petition was not filed until June 11, 2015. Therefore, the instant Petition is untimely by over one year, absent tolling.

     The AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the Supreme Court has explained that if a state habeas petition is not timely filed under the applicable state law, it is not "properly filed" and will not toll the AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

     Here, Petitioner appears to have filed ten post-conviction petitions in state court: (1) a petition for a writ of mandate in the California Court of Appeal on December 3, 2013, which was denied on December 5, 2013; (2) a petition for a writ of mandate and prohibition in the California Court of Appeal on December 9, 2013, which was denied on December 12, 2013; (3) a petition for a writ of prohibition in the California Court of Appeal on December

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.      CV 15-4434-PA (KK)                    Date: June 18, 2015
                                                    Page 4 of 5

Title:        Lance Williams v. Eric Arnold

30, 2013, which was denied on January 9, 2014; (4) a petition for a writ of mandate and prohibition in the California Court of Appeal on January 3, 2014, which was denied on January 9, 2014; (5) a petition for a writ of mandate or prohibition in the California Court of Appeal on January 9, 2014, which was denied on January 15, 2014; (6) a petition for a writ of habeas corpus in the California Court of Appeal on February 5, 2014, which was denied on February 11, 2014; (7) a petition for a writ of habeas corpus in the California Court of Appeal on July 2, 2014, which was denied on July 16, 2014; (8) a petition for a writ of habeas corpus in the California Supreme Court on October 17, 2013, which was denied on January 21, 2014; (9) a petition for a writ of habeas corpus in the California Supreme Court on June 12, 2014, which was denied on September 10, 2014; and (10) a petition for a writ of habeas corpus in the California Supreme Court on July 31, 2014, which was denied on September 24, 2014. Even assuming all of these filings were "properly filed application[s] for State post-conviction or other collateral review" for purposes of 28 U.S.C. § 2244(d)(2) and that Petitioner is therefore entitled to statutory tolling for their pendency, the instant Petition is still untimely by at least several months even with statutory tolling. Petitioner is further advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S.631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). There are no allegations in the Petition suggesting Petitioner is entitled to equitable tolling. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling).

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is advised to inform the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    CV 15-4434-PA (KK) | Date: June 18, 2015 |
| | Page 5 of 5 |

Title:      Lance Williams v. Eric Arnold

Court of any reason that he may be entitled to statutory or equitable tolling.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.