UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**     **(In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed Based Upon Lack of Subject Matter Jurisdiction, Untimeliness, and Lackawanna Cty. Dist. Attorney v. Coss**

## I.
## INTRODUCTION

Petitioner Lance Williams ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254 against Respondent Eric Arnold ("Respondent"). However, the Petition appears subject to dismissal based upon: (1) lack of subject matter jurisdiction; (2) untimeliness; and (3) Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). The Court thus orders Petitioner to show cause why this action should not be dismissed.[1]

///
///
///
///
///

---

[1]     On December 11, 2015, Respondent filed a Motion to Dismiss. Dkt. 30, Mot. Dismiss. The Court denies the Motion to Dismiss without prejudice as MOOT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

## II.
## BACKGROUND

**A.   PETITIONER'S 2010 CONVICTION**

On December 13, 2010, Petitioner pled no contest and was convicted of making criminal threats and stalking in violation of California Penal Code sections 422 and 646.9(b) in the Los Angeles Superior Court.  ECF Docket No. ("Dkt.") 1, Pet. at 2[2].  On January 10, 2011, Petitioner was sentenced to a term of three years in prison.  Id.; see also Lodged Document No. ("Lodg.") 9, Abstract of Judgment[3].

On August 6, 2010, Petitioner filed a petition for writ of mandate in the California Court of Appeal.  Lodg. 1, Pet. Writ. Mandate.  On August 12, 2010, the California Court of Appeal denied the petition.  Lodg. 2, Cal. Ct. App. Order Denying Pet. Writ Mandate.

On April 17, 2012, Petitioner filed another petition for writ of mandate in the California Court of Appeal.  Lodg. 12, Pet. Writ Mandate.  On April 19, 2012, the California Court of Appeal denied the petition.  Lodg. 13, Cal. Ct. App. Order Denying Pet. Writ Mandate.

On May 2, 2012, Petitioner appealed his 2010 conviction in the California Court of Appeal.  Lodg. 10, Appellant's Opening Br.  On November 5, 2012, the California Court of Appeal affirmed Petitioner's conviction in a reasoned decision.  Lodg. 14, Cal. Ct. App. Op.  Petitioner did not seek review with the California Supreme Court.  See Dkt. 1 at 2.

On October 17, 2013, Petitioner filed his first habeas petition in the California Supreme Court.  Lodg. 15, Pet. Writ. Habeas Corpus Cal.  On January 21, 2014, the

---

[2]     The Court refers to the Petition's pages as if Petitioner consecutively numbered them.

[3]     The Court's citations to Lodgments refer to documents Respondent lodged in support of his Motion to Dismiss.  Dkt. 31, Notice of Lodging.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

California Supreme Court denied the petition.  Lodg. 16, Cal. Docket.

On February 5, 2014, Petitioner filed his second habeas petition in the California Court of Appeal.  Lodg. 17, Pet. Writ. Habeas Corpus Cal. Ct. App.  On February 11, 2014, the California Court of Appeal denied the petition.  Lodg. 18, Cal. Ct. App. Order Denying Pet. Writ. Habeas Corpus.

On June 12, 2014, Petitioner filed his third habeas petition in the California Supreme Court.  Lodg. 19, Pet. Writ. Habeas Corpus Cal.  On September 10, 2014, the California Supreme Court denied the petition.  Lodg. 20, Cal. Ct. App. Docket.

## B.    PETITIONER'S 2014 CONVICTION

Petitioner completed his sentence for the 2010 conviction and was released from custody sometime before January 22, 2014.  People v. Williams, No. B255379, 2015 WL 9311816, at *3 (Cal. Ct. App. Dec. 22, 2015); Lodg. 21, Decl. Nadeen McCool.  On January 22, 2014, after a jury trial in the Los Angeles Superior Court, Petitioner was convicted of: (1) attempted extortion in violation of California Penal Code section 524; (2) dissuading a witness from reporting a crime in violation of California Penal Code section 136.1(b)(1); and (3) stalking in violation of California Penal Code section 646.9(a).  Williams, 2015 WL 9311816, at *3.  In a bifurcated trial, the jury found the following allegations to be true: (1) Petitioner had a prior serious felony conviction within the meaning of California Penal Code sections 667(a), 667(b)-(i), and 1170.12; and (2) Petitioner had served a prior separate prison term for a felony within the meaning of California Penal Code section 667.5(b).  Id. at *1.  On March 18, 2014, the allegations were used to enhance Petitioner's sentence and Petitioner was sentenced to an aggregate term of thirteen years and eight months in prison.  Id. at *3.

On December 12, 2014, Petitioner appealed his 2014 conviction.  California Courts, Appellate Courts Case Information - 2nd Appellate District, Docket (Feb. 12, 2016, 8:11 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm ?dist=2&doc_id=2073598&doc_no=B255379.  On December 22, 2015, the California Court of Appeal affirmed Petitioner's conviction in a reasoned decision.  Id.; Williams, 2015 WL 9311816, at *3.

On January 25, 2016, Petitioner filed a petition for review in the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

Supreme Court.  California Courts, <u>Appellate Courts Case Information - Supreme Court</u>, Docket (Feb. 16, 2016, 10:18 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2131412&doc_no=S232011.  As of the date of this Order, the California Supreme Court has not ruled on the petition.  <u>See</u> <u>id.</u>

## C.   FEDERAL HABEAS PROCEEDINGS

On June 7, 2015[4], Petitioner constructively filed the instant Petition.  <u>See</u> Dkt. 1. Although unclear, it appears Petitioner is not directly challenging his 2010 conviction, but is challenging the use of that conviction to enhance his 2014 sentence.  <u>See</u> <u>id.</u> Specifically, Petitioner raises four claims: (1) "Petitioner's incarceration is illegal as to enhanced sentence for prior plea that was not voluntary because it was based on misleading information and under duress;" (2) "Petitioner's incarceration is illegal as to enhanced sentence for prior plea which is invalid because he did not obtain benefit of terms in plea agreement that were substantial inducements for plea constituting breach of plea agreement;" (3) "Petitioner's incarceration is illegal as to enhanced sentence for prior plea which should be reversed because he was denied right to self-representation;" and (4) "Petitioner's incarceration is illegal as to enhanced sentence for prior conviction resulting from plea which should be reversed because he was denied right to effective assistance of counsel in pretrial and[] postconviction proceedings."  <u>E.g.</u>, <u>id.</u> at 5-9.
///
///
///
///
///
///
///
///
///

---

[4]      Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on June 7, 2015.  Dkt. 1.  Thus, the Court deems June 7, 2015 the Petition's filing date.  <u>See Roberts</u>, 627 F.3d at 770 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

### III.
### DISCUSSION

**A.  TO THE EXTENT PETITIONER CHALLENGES HIS 2010 CONVICTION, THE COURT LACKS SUBJECT MATTER JURISDICTION AND THE PETITION IS UNTIMELY**

**(1)  The Court Lacks Subject Matter Jurisdiction**

Section 2254(a) states a "district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). A habeas petitioner is not "in custody" once the sentence imposed for the conviction is "fully expired." Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).

Here, on January 10, 2011, Petitioner was sentenced to a term of three years in prison for his 2010 conviction. Lodg. 9. By the time Petitioner filed the instant Petition over four years later on June 7, 2015, his sentence for his 2010 conviction had been expired for over one year and four months, and he was no longer in custody for the 2010 conviction. Dkt. 1. Thus, to the extent Petitioner challenges his 2010 conviction, the Petition should be dismissed for lack of subject matter jurisdiction. See Maleng, 490 U.S. at 491.

**(2)  The Petition is Untimely**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

2244(d)(1) ("Section 2244(d)(1)"). If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision. Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008)[5].

Here, Petitioner directly appealed his 2010 conviction to the California Court of Appeal, Dkt. 10, but the Court's review of the California Courts website reveals Petitioner filed no petition for review in the California Supreme Court. Accordingly, Petitioner's 2010 conviction became final on December 15, 2012, i.e., forty days after the California Court of Appeal affirmed Petitioner's conviction on November 5, 2012. See Brown, 303 F. App'x at 459. AEDPA's one-year limitations period commenced the next day, December 16, 2012, and expired on December 16, 2013. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not constructively file the instant Petition until June 7, 2015. Dkt. 1. Therefore, to the extent Petitioner challenges his 2010 conviction, the Court deems the Petition untimely by over one year and five months absent tolling. See Thompson, 681 F.3d at 1093.

a.    Statutory Tolling Does Not Render the Petition Timely

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, AEDPA's one-year limitations period commenced on December 16, 2012 and ran for 305 days before Petitioner filed his first habeas petition on October 17,

---

[5]    The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

2013.[6]  See 28 U.S.C. § 2244(d)(1).  Statutory tolling applied from the date Petitioner filed his first habeas petition on October 17, 2013 until Petitioner's second habeas petition was denied on February 11, 2014.  See Nedds, 678 F.3d at 780.  Accordingly, the limitations period recommenced on February 12, 2014, the day after Petitioner's second habeas petition was denied, and expired sixty days later on April 13, 2014.

With respect to Petitioner's third habeas petition filed on June 12, 2014 in the California Supreme Court, Lodg. 19, the Court declines to apply tolling because the statute of limitations expired nearly two months earlier on April 13, 2014.  See 28 U.S.C. § 2244(d)(1).  Thus, Section 2244(d)(2) "does not permit the reinitiation of the limitations period" for the June 12, 2014 petition.  See Ferguson, 321 F.3d at 823.

Therefore, even after applying statutory tolling for Petitioner's first and second habeas petitions and extending the limitations period's expiration date to April 13, 2014, Petitioner's instant Petition filed on June 7, 2015 is untimely by over one year and one month.  Accordingly, insofar as Petitioner challenges his 2010 conviction, statutory tolling does not render the Petition timely.[7]
///
///
///
///

_____

[6]    In his Motion to Dismiss, Respondent contends Petitioner's October 17, 2013 habeas petition challenges a prison disciplinary hearing and thus fails to allow statutory tolling.  See Dkt. 30.  However, the Court declines to address Respondent's argument and assumes arguendo statutory tolling applies for Petitioner's October 17, 2013 habeas petition.  As discussed, even assuming statutory tolling applies for Petitioner's October 17, 2013 habeas petition, the instant Petition remains untimely.

[7]    Petitioner filed petitions for writ of mandate in the California Court of Appeal on August 6, 2010 and April 17, 2012, prior to the commencement of the limitations period, which did not toll or otherwise affect the limitations period.  See 28 U.S.C. § 2244(d)(1) (stating the limitations period commences the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

b.    Equitable Tolling Does Not Render the Petition Timely

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Accordingly, insofar as Petitioner challenges his 2010 conviction, equitable tolling does not render the Petition timely. See Bills, 628 F.3d at 1097.

**B.    TO THE EXTENT PETITIONER CHALLENGES HIS 2014 CONVICTION, LACKAWANNA BARS THE PETITION**

The United States Supreme Court has held:
Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.
Lackawanna, 532 U.S. at 403-04 (internal citations omitted).

However, an exception to the foregoing rule applies "when an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." Id. at 404. In addition, the plurality in Lackawanna suggested another exception to the foregoing rule where a petitioner obtains "compelling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|----------|---------------------|------|-------------------|
| Title | Lance Williams v. Eric Arnold | | |

evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Id. at 405. Further, the Ninth Circuit recognized an exception to the Lackawanna rule where state courts had "'without justification, refuse[d] to rule on a constitutional claim that has been properly presented' to them." Dubrin v. California, 720 F.3d 1095, 1099 (9th Cir. 2013).

Here, to the extent Petitioner is not directly challenging his 2010 conviction, but is challenging the use of that conviction to enhance his 2014 sentence, Lackawanna precludes relief. None of the exceptions to Lackawanna apply here because: (1) Petitioner was represented by counsel in his 2010 trial; (2) Petitioner presents no "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner;" and (3) Petitioner does not argue state courts had, "'without justification, refuse[d] to rule on a constitutional claim that has been properly presented' to them." See Lackawanna, 532 U.S. at 404-05; Dubrin, 720 F.3d at 1099.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4434-PA (KK) | Date | February 16, 2016 |
|---|---|---|---|
| Title | Lance Williams v. Eric Arnold | | |

**IV.**
**ORDER**

Accordingly, based upon the Petition as currently submitted, this action appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response **no later than March 8, 2016**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form**. However, the Court warns any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice based upon lack of subject matter jurisdiction, untimeliness, Lackawanna Cty. Dist. Attorney v. Coss, and failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**