O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>ERIC ARNOLD, Warden,<br><br>　　　　　　Respondent. | Case No. CV 15-4434-PA (KK)<br><br>MEMORANDUM AND ORDER DENYING PETITION AND DISMISSING ACTION WITH PREJUDICE |

## I.
## INTRODUCTION

Petitioner Lance Williams ("Petitioner") has filed a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254.  However, the Court lacks subject matter jurisdiction to consider the Petition.  The Court thus denies the Petition and dismisses this action with prejudice.

## II.
## BACKGROUND

**A.　STATE COURT PROCEEDINGS**

On December 13, 2010, Petitioner pled no contest and was convicted of making criminal threats and stalking in violation of California Penal Code sections

422 and 646.9(b) in the Los Angeles County Superior Court.  ECF Docket No. ("Dkt.") 1, Pet. at 2.[1]  On January 10, 2011, Petitioner was sentenced to three years in prison.  Id.; see Lodged Document No. ("Lodg.") 9, Abstract of Judgment.[2]  Petitioner completed his sentence for the 2010 conviction and was released from prison sometime before January 22, 2014.  People v. Williams, No. B255379, 2015 WL 9311816, at *3 (Cal. Ct. App. Dec. 22, 2015); Lodg. 21, Decl. Nadeen McCool.

On January 22, 2014, after a jury trial in the Los Angeles County Superior Court, Petitioner was convicted of attempted extortion, dissuading a witness from reporting a crime, and stalking in violation of California Penal Code sections 524, 136.1(b)(1), and 646.9(a).  Williams, 2015 WL 9311816, at *3; Los Angeles County Superior Court, Criminal Case Summary, Case. No. LA075334-01 (Mar. 25, 2016, 1:09 PM), http://www.lacourt.org/criminalcasesummary/ui/ Selection.aspx.  In a bifurcated trial, the jury found the following allegations true: (1) Petitioner had a prior serious felony conviction within the meaning of California Penal Code sections 667(a), 667(b)-(i), and 1170.12; and (2) Petitioner had served a prior separate prison term for a felony within the meaning of California Penal Code section 667.5(b).  Williams, 2015 WL 9311816, at *1.  On March 18, 2014, the allegations were used to enhance Petitioner's sentence and Petitioner was sentenced to thirteen years and eight months in prison.  Id. at *3.

On August 15, 2014, Petitioner was discharged from the sentence for his 2010 conviction after his three-year term expired.  Lodg. 21.  Thereafter, Petitioner remained in prison for his 2014 conviction.  Id.

B.   **FEDERAL HABEAS PROCEEDINGS**

On June 7, 2015, Petitioner constructively filed[3] the instant Petition.  See Dkt. 1.  Petitioner raises four claims: (1) "Petitioner's incarceration is illegal as to

---

[1]   The Court refers to Petitioner's pleadings as if he consecutively paginated them.

[2]   The Court's citations to Lodgments refer to documents Respondent lodged in support of his Motion to Dismiss.  Dkt. 31, Notice of Lodging.

enhanced sentence for prior plea that was not voluntary because it was based on misleading information and under duress;" (2) "Petitioner's incarceration is illegal as to enhanced sentence for prior plea which is invalid because he did not obtain benefit of terms in plea agreement that were substantial inducements for plea constituting breach of plea agreement;" (3) "Petitioner's incarceration is illegal as to enhanced sentence for prior plea which should be reversed because he was denied right to self-representation;" and (4) "Petitioner's incarceration is illegal as to enhanced sentence for prior conviction resulting from plea which should be reversed because he was denied right to effective assistance of counsel in pretrial and[] postconviction proceedings." E.g., id. at 5-9.

On February 16, 2016, the Court issued an Order to Show Cause ("OSC") Why this Action Should Not Be Dismissed Based Upon Lack of Subject Matter Jurisdiction, Untimeliness, and Lackawanna Cty. Dist. Attorney v. Coss. Dkt. 35, OSC. On March 13, 2016, Petitioner constructively filed a Response to the OSC, stating he is "challenging his 2011 plea deal conviction" and claiming the Court has subject matter jurisdiction over his action "because his 2011 conviction was used to enhance 2014 conviction." Dkt. 38, Response at 1-2.

## III.

## DISCUSSION

### THE COURT LACKS SUBJECT MATTER JURISDICTION

Section 2254(a) states a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court]

---

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

must consider." <u>Bailey v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010). A habeas petitioner is not "in custody" once the sentence imposed for the conviction is "fully expired." <u>Maleng v. Cook</u>, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (holding a petitioner is not "in custody" for a prior conviction merely because the prior conviction enhanced his current sentence).

Here, on January 10, 2011, Petitioner was sentenced to three years in prison for his 2010 conviction. Lodg. 9. By the time Petitioner constructively filed the instant Petition over four years later on June 7, 2015, his sentence for his 2010 conviction had been expired for over a year, and he was no longer in custody for the 2010 conviction. Dkt. 1. Rather, Petitioner was discharged for the 2010 conviction on August 15, 2014 and is currently in prison for the 2014 conviction alone. Lodg. 21. Thus, the Petition must be denied and this action must be dismissed. <u>See</u> <u>Maleng</u>, 490 U.S. at 491.

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that judgment be entered: (1) DENYING the Petition; and (2) DISMISSING this action with prejudice.

Dated: March 30, 2016

HONORABLE PERCY ANDERSON
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

4